Mr. Justice Gantt
delivered the opinion of the court.
Whether the promise made in this case, is to be considered as a collateral one, and void by the Statute of Frauds, will depend upon the fact of the defendant having-effects in his hands at the time of the promise, to pay the debt due by this note fr^m the absent debtor to the plaintiff. From my notes, which in substance, coincides with the statement made in the brief, it appears that the plaintiff Madden, having a note of hand given to him by Joseph McCray for %52> 40 cents, placed the note in the hands of Henry Gray as an agent, to call on the defendant for payment, Joseph McCray, the debtor, being absent from the state.
It was the plaintiff’s intention to attach in the hands of the defendant in the event of the note not being paidi
Gray, as agent for the plaintiff, called on the defendant and required that payment should be made ; stating that the plaintiff would take out an attachment unless the note was paid. Upon which, the defendant said that if the *488 plaintiff would not take, out an attachment, but let it stand until the next fall, he would pay the amount due by the note, as he had effects in his hands for that purpose. Under this promise made by the. defendant, the plaintiff declined taking out trie attachment. The defendant failed to pay the debt, and the plaintiff instituted his action.
Q'Neall and Irby, for the motion.
Downs, contra.
It has been decided that if a person obtains possession of goods, on which'a landlord has a right to distrain for rent, and he promises to pay the rent, though it is Clearly the debt of another; yet a note in writing is not necessary. (Se 2 Selwyn, 858.)
In principle, these two cases are analogous; the obligation however to' pay in the instance before us, is much stronger than in the one quoted. The defendant acted as trustee for the benefit of creditors merely; here the defendant? acknowledged that the absent debtor had placed' in his hands effects to pay his debts, and, according to my notes, effects for the purpose of paying this debt.
Is he to apply the effects to hi\\jndividual benefit, and be absolved from all responsibility arising from the promise ? I think not. He has denied to himself a benefit by the possession'of the goods and the promise is thereby rendered obligatory' upon him.
' On the 2d ground,. I have only' to remark that the demand of payment by Gray, in right of the plaintiff and evidenced by the note not being transferred, places the case precisely upon the footing of a demand by' the plaintiff himself. The note was due to the plaintiff, and the promise was to páy' .that debt if no attachment was taken . out. ft is the opinion of.the court, that the motion made in this case to reverse the decree made in the court below, must fail.
Justices Huger, Johnson, Nott and' Colcock, concurred.